UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMIMEX ENERGY, INC., et al,

       Plaintiffs,                                   Case No. 5:06-cv-68

v                                                       Hon. Gordon J. Quist

JOYCE G. BLOHM,

       Defendant.
_____/

**ORDER**

Pending before the court is the defendant's motion to amend her witness list to add Virginia Woodhouse (formerly Virginia Miller) as a lay witness and Lewis G. Mosburg, Jr. as an expert witness (docket no. 69). Plaintiffs oppose the motion.

On September 22, 2006, the court entered a Case Management Order requiring the disclosure of all lay witnesses not later than October 20, 2006. Defendant was to identify any expert witnesses not later than December 1, 2006. The deadline for the completion of discovery, extended at the request of the parties, is June 15, 2007. The deadline for filing dispositive motions is July 1, 2007.

The identity of Virginia Woodhouse has been known to defendant since the inception of this case. While she is not a party to this action, she is apparently similarly situated to defendant in that she previously received certain documents from Conoco, Inc. and Miller brothers as did defendant. Should plaintiffs question the authenticity or legitimacy of the documents defendant received, defendant wants to call Ms. Woodhouse to show that she received the same documents.

Defendant has yet to identify with specificity the documents in question, nor has she utilized a request to admit or other discovery device to determine if the authenticity of these documents is disputed.

Lewis Mosburg is identified by defendant as a non-scientific expert witness in the oil and gas industry who defendant believes would be "instructive and helpful to the court" in understanding the terms and documents utilized in the industry, such as oil and gas leases, pooling agreements, unitization agreements, shut-in payments, rental payments, production payments, "and other somewhat esoteric documents." Defendant's motion at 4-5. Plaintiff points out that defendant has known since the beginning that this would be a document-intensive case and she could have named this person as an expert witness in a timely manner had she so desired. Plaintiff's contend defendant has failed to offer any explanation for the belated identification of either of these witnesses. Moreover, plaintiff contends there are no factual issues in this case. Rather, the case turned entirely upon legal interpretation and the effect of various instruments, all of which are questions of law for the court to determine and that the need of any expert opinion for this purpose is unnecessary.

F.R.E. 702 provides among other things that if technical or other specialized knowledge will assist the trier of fact to understand the evidence, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise if the testimony is based upon sufficient facts or data, is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case. In *Kumho Tire Co. Ltd. v. Carmichael,* 526 U.S. 137 (1999), the Court reaffirmed that a trial judge's "gatekeeper" function applies to all expert testimony, regardless of whether such

testimony is based upon scientific, technical, or other specialized knowledge. *Id.* At 141, 147-149. In some instances, the "relevant reliability concerns may focus upon personal knowledge or experience," which is a matter the law grants the trial judge broad latitude to determine. *Id.* at 150, 153. While the pending case appears to be one that will be resolved based upon the interpretation and legal validity of various documents, it would probably be premature to say that Mr. Mosburg's expertise might not be useful to the court depending upon the specific questions asked. What can be said with some certainty, however, is that defendant has offered both witnesses approximately one-half year after the deadline for identifying witnesses and has failed to give the court any satisfactory explanation as to why these people could not have been identified in a timely manner. Moreover, naming them at this late stage would be prejudicial to the plaintiffs, who presumably would want to depose them, and in the case of Mr. Mosburg perhaps obtain a plaintiff's expert. This would require a further extension of period for discovery, now closed, and the deadline for filing the dispositive motions which will probably resolve this case. If there is to be a trial in this case, postponing discovery and dispositive motion deadlines would in all likelihood requirement postponement of the trial date as well.

For these reasons, coupled with the fact that while the proposed additional witnesses might be helpful to defendant, they certainly do not appear to be crucial, and the motion to amend the witness list (docket no. 69) is DENIED.

IT IS SO ORDERED.

Entered:  July 3, 2007                    /s/ Hugh W. Brenneman, Jr.
                                          HUGH W. BRENNEMAN, JR.
                                          United States Magistrate Judge